Filed 9/21/23  P. v. Martinez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061900 |
| v. | (Super. Ct. No. 14NF4890) |
| RUBEN MARTINEZ, | O P I N I O N |
| Defendant and Appellant. | |

\*　　　\*　　　\*

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*　　　\*　　　\*

In 2017, a jury convicted defendant Ruben Martinez of first degree murder. (Pen. Code, § 187, subd. (a).)[1] The jury found it to be true that in the commission of murder, defendant personally used a deadly or dangerous weapon. (§ 12022, subd. (b)(1).) The trial court found true a prior strike conviction (§ 667, subds. (d), (e)(1)), and a prior prison term allegation (§ 667.5, subd. (b)). The court sentenced defendant to 52 years to life in state prison. In 2019, another panel of this court affirmed the judgment. (*People v. Martinez* (June 24, 2019, G054953) [nonpub.opn.].)

In 2022, defendant filed a petition for resentencing pursuant to former section 1170.95 (now 1172.6).[2] In it, he averred that: 1. An information was filed against him that permitted the prosecution to proceed under a theory of murder under the natural and probable consequences doctrine; 2. he was convicted of murder; and 3. he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019.

The trial court denied the petition at the prima facie stage. The trial court concluded defendant was ineligible as a matter of law because he was convicted of first degree murder, and the jury was not instructed on felony murder, murder under the natural and probable consequences doctrine, or any other theory of murder liability in which malice was imputed to defendant merely based on his participation in a crime.

Defendant timely filed a notice of appeal, and we appointed counsel to represent him. Counsel filed a brief in compliance with *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 accompanied by a declaration stating that she could find no arguable issues to assert on defendant's behalf. Counsel requested that we exercise our discretion to review the record for arguable issues.

---

[1] All statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)

Defendant personally filed a supplemental brief raising a single issue of ineffective assistance of counsel.

We have exercised our discretion to review the entire record for arguable issues per counsel's request. For the reasons stated below, we have not found an arguable issue on appeal because defendant is ineligible for relief under section 1172.6 as a matter of law. Moreover, as we explain, we reject defendant's argument for ineffective assistance of counsel. Accordingly, we affirm the postjudgment order.

DISCUSSION

Defendant's petition was properly denied at the prima facie stage because the record of conviction establishes that defendant was not convicted based on felony murder or the natural and probable consequences theory of vicarious liability. In determining whether the petitioner has made a prima facie case for relief, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) The record of conviction includes the court's own documents, including the underlying facts as presented in an appellate opinion, the trial evidence, the jury instructions, and closing arguments of counsel. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

"A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with

3

malice aforethought that was not imputed based solely on participation in a crime."
(*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 14.)

Here, the jury was never instructed on felony murder or natural and probable consequences. Indeed, the jury was not instructed on any theory of aiding and abetting at all. Moreover, the defense-oriented instructions demonstrate that his defense at trial was self-defense and voluntary intoxication. Additionally, the jury not only found defendant guilty of first degree murder, which required findings that defendant acted willfully, deliberately, and with premeditation, but also found that he personally used a dangerous weapon in the commission of the murder. Between the instructions and the jury's findings, it is incontrovertible that defendant was convicted as the actual killer and that he acted with malice aforethought that was not imputed to him merely based on his participation in a crime. Accordingly, he was ineligible for resentencing as a matter of law.

In his supplemental brief, defendant argues he received ineffective assistance of counsel at the hearing on his petition in that, accordingly to defense counsel's representation at the hearing, defendant gave her authority under section 977 to appear on his behalf in his absence. In his supplemental brief, he asserts that he gave no such authority.

We reject his argument for two reasons.

First, there is nothing in the record for us to determine that defendant did not give his counsel authority to appear without him. Although he has made that claim in his brief, his brief is not evidence, and in a direct appeal, unlike a petition for habeas corpus, we are confined to the record of the proceedings below. (See *People v. Bills* (1995) 38 Cal.App.4th 953, 962 ["The general rule concerning appellate claims of ineffective assistance is that often the alleged deficiency of counsel is not shown by the record on appeal; such cases do not lead to reversal of the judgment on appeal; rather the

4

defendant is relegated to the remedy of habeas corpus, wherein the defendant can bring forth evidence outside the record on appeal"].)

Second, there is nothing in this record to suggest defendant's physical absence prejudiced him at all. (See *People v. Whitmore* (2022) 80 Cal.App.5th 116, 127 ["Violations of the state right to be present are reviewed under the *Watson* reasonable probability standard: the matter is reversible only if it is reasonably probable the result would have been more favorable to the defendant absent the error"].) As we have explained above, defendant is ineligible for resentencing as a matter of law, and his physical presence could not have changed that outcome. Moreover, the hearing spans less than two pages in the reporter's transcript. The matter was decided entirely on the papers. Defendant has not explained how his physical presence would have changed anything.

## DISPOSITION

The postjudgment order is affirmed.

SANCHEZ, ACTING P. J.

WE CONCUR:

MOTOIKE, J.

DELANEY, J.

5